DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT LISBY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1463

[February 25, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael James Linn, Judge; L.T. Case No. 2022CF001041A.

Daniel Eisinger, Public Defender, and Ian Eric Seldin, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Joseph Mollica, Assistant Attorney General, West Palm Beach, for appellee.

*ON CONCESSION OF ERROR*

FORST, J.

Appellant Robert Lisby was convicted and sentenced for first degree felony murder, aggravated child abuse, and neglect of a child causing great bodily injury. The instant appeal does not challenge those convictions nor the sentence Lisby received.[1] The appeal's focus is solely limited to the trial court's order imposing a $200 cost of prosecution and a $50 cost of investigation. Lisby argues the State did not present any evidence at the sentencing hearing supporting the $200 cost of prosecution or showing that a law enforcement agency requested the $50 cost of investigation. The State has responded by conceding error with respect to these two costs, agreeing with Lisby that the trial court's written sentencing order should have conformed to the trial court's oral pronouncement at sentencing of only a $100 cost of prosecution.

---

[1] Lisby was sentenced to life imprisonment for the felony murder, thirty years for the aggravated child abuse, and five years for neglect of a child causing great bodily injury, with all sentences running consecutively.

We accept the State's concession, and reverse and remand for the trial court to reduce the cost of prosecution to $100 and to strike the cost of investigation. *See Cabrera v. State*, 375 So. 3d 924, 925 (Fla. 4th DCA 2023) ("[T]he State must request the cost of prosecution if it is higher than the statutory minimum [of $100]."); *Lindenberger v. State*, 409 So. 3d 680, 680–81 (Fla. 4th DCA 2025) (same); *see also McNaughton v. State*, 369 So. 3d 304, 306 (Fla. 4th DCA 2023) ("[O]ur supreme court has held that investigative costs cannot be imposed where the State fails to request such costs before the judgment.")

Accordingly, we remand for the trial court to reduce the cost of prosecution to the statutory minimum of $100 and to strike the cost of investigation from the judgment, consistent with the oral pronouncement. *See Croissy v. State*, 404 So. 3d 419, 420–21 (Fla. 4th DCA 2025). We affirm the judgment in all other respects. Lisby's presence is not necessary for these ministerial acts.

*Affirmed in part and reversed and remanded in part.*

LEVINE and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely-filed motion for rehearing.**